Michelle K. Fossum, WSBA #20249
Kristina R. Montanez, WSBA #48549
Sayre Sayre & Fossum, P.S.
201 W. North River Dr., Suite 460
Spokane, WA 99201
Tel: (509) 325-7330    Fax: (509) 325-7334
michelle@sayrelaw.com
kristina@sayrelaw.com
gina@sayrelaw.com

The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

NATHAN HOLBURN,

    Plaintiff,

vs.

KITSAP PUBLIC HEALTH DISTRICT,

    Defendant.

No.: C18-5018-BHS

**KPHD RESPONSE TO MOTION TO COMPEL**

---

Defendant Kitsap Public Health District ("KPHD"), by and through its attorney Michelle K. Fossum of Sayre Sayre & Fossum, P.S., submits the following response to Plaintiff's Motion to Compel Discovery.

## I. ARGUMENT

**A.  Plaintiff's First Discovery Requests to Defendant.**

As an initial matter, Defendant's responses to the first set of discovery were provided to Plaintiff on May 10, 2018 – more than a year ago. Plaintiff's first identification of specific issues was an email sent on Wednesday, July 10, 2019, and the motion to compel



was filed on July 15. Within the intervening for five days, counsel for Defendant spent two days traveling to Bremerton for Rose Holburn's deposition and two days were weekend days. Counsel's decision to wait until the last minute to address these perceived issues made it impossible for a meaningful discussion of the issues. Defendant responds as follows:

1. <u>Interrogatory No. 3/Request for Production No. 2</u>: Defendant provided the insurance policy, but the policy Declarations page was inadvertently omitted. The declarations page was provided to Plaintiff's counsel on July 15, 2019.

2. <u>Request for Production No. 8</u>: Defendant's original response stated:

> Please refer to Bates Nos. 00454-00778.
>
> Defendant also possesses thirteen (13) "steno pads" containing Plaintiff's handwritten notes, created during Plaintiff's employment with Kitsap Public Health District. Defendant also possesses three (3) USB drives containing emails from Kitsap Public Health District employees, and one (1) USB drive containing documents responsive to Request for Production No. 8. These steno pads and USB drives are currently located at Defendant Counsel's office at:
>
> > Sayre, Sayre & Fossum, PS
> > 201 W. North River Drive, Suite 460
> > Spokane, WA 99201-2262
> > (509) 325-7330
>
> Defendant will make the steno pads and USB drives available for review at the above location upon request from Plaintiff during Defendant Counsel's normal office hours. At this time, Plaintiff may make hard copies of the steno pads or of the files located on the USB drives at Plaintiff's expense.
>
> Defendant Kitsap Public Health District is in the process of determining what other documents, electronically stored information, or tangible things that it may use to support

KPHD RESPONSE TO MOTION
TO COMPEL (C18-5018BHS) .... P.2



this response. If Defendant determines that additional documentation supports this response, this response will be supplemented.

Defendant has not refused to provide this discovery. Defendant has agreed to make copies of the USB drives and send them to Plaintiff's counsel. Defendant will take the steno pads to a third-party vendor for copying at Plaintiff's expense. The eleven (11) steno pads have approximately 75 pages each, bound, with writing on both sides.

3. <u>Request for Production No. 17</u>.

This Request for Production sought "all documents reflecting all communications made to any of Defendant's employees and/or in response to inquiries pertaining to Plaintiff's employment relationship, work performance, or other employment related circumstances." Defendant objected on the basis that the request was overbroad. Plaintiff sent a clarification on July 19, 2019, in which he indicated he was seeking "<u>communications with other employees</u> regarding Nathan's work performance, employment <u>relationship</u> and employment circumstances." *Declaration of Michelle K. Fossum, Exhibit A (emphasis in original)* This request is still overly broad, as it encompasses any communication, positive, negative or neutral, related to Plaintiff's work product or relationship over a period of 26 years.

4. <u>Request for Production No. 21</u>.

Plaintiff misinterpreted Defendant's response. As explained to Plaintiff in the responses to Plaintiff's Second Set of Discovery:

> Issuance of enforcement letters is not available electronically or linked to the identity of the Environmental Health Specialist who prepares and/or issues the letter. Enforcement letters are generated from a template, and then

KPHD RESPONSE TO MOTION
TO COMPEL (C18-5018BHS) .... P.3

201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334

SAYRE SAYRE
& FOSSUM ATTORNEYS AT LAW

a hard copy is saved within the physical file related to the property at issue. There is no electronic file where all enforcement letters are saved. The need for an enforcement letter may arise through complaints, inspections, contractor reports or inspector observations. As a result, to locate enforcement letters, KPHD would first have to identify any property address that potentially received an enforcement letter in the time frame requested. It is estimated there would be approximately 10,000 property addresses for the requested time frame. Then, KPHD would have to review every property file (each contains between 20 and 500 pages) to determine if an enforcement letter was issued during the requested time frame. After that is completed, the enforcement letters could be collated by individual inspector. KPHD estimates that it would take approximately 6-10 months to identify and physically review all of the responsive property files.

Kitsap Public Health District further objects on the basis that the requested information is neither relevant nor likely to lead to the discovery of relevant evidence as to the issues of whether Plaintiff was discriminated against on the basis of his disability or any other protected class.

These documents are not maintained in a manner that allows for an electronic search by individual inspector name and/or time frame.

    5.    <u>Request for Production No. 21</u>:

This information was provided to Plaintiff in response to Request for Production No. 2 to Plaintiff's Second Set of Discovery Requests propounded to Defendant.

    6.    <u>Interrogatory No. 11</u>:

This information was included in the initial responses to Plaintiff's First Set of Discovery but was apparently overlooked by Plaintiff.

**B.    Plaintiff's Second Set of Discovery Requests.**

Plaintiff is correct that the responses were due on July 12, 2019. The responses



were provided to Plaintiff's counsel on July 18, 2019 – 4 days after the due date. Plaintiff's counsel was advised of the anticipated response date on July 16, 2019. *Declaration of Michelle K. Fossum, Exhibit B.*

## II. CONCLUSION

Based on the foregoing, Defendant requests that Plaintiff's motion to compel be denied without an award of attorney's fees.

Respectfully submitted this 23rd day of July, 2019.

**SAYRE SAYRE & FOSSUM, P.S.**

By: /s/ Michelle K. Fossum
Michelle K. Fossum, WSBA 20249
Kristina R. Montanez, WSBA 48549
Attorneys for Defendant
201 W. North River Drive, Suite 460
Spokane, WA 99201-2262
Telephone: (509) 325-7330
Fax: (509) 325-7334
michelle@sayrelaw.com
kristina@sayrelaw.com



# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Ronald L. Jackson
Jackson Law Firm
1203-114th Avenue SE
Bellevue, WA 98004
Telephone: (425) 646-6315
Fax: (425) 454-6310
ron@ronaldjacksonlaw.com

Dated this 23rd day of July, 2019, at Spokane, Washington.

/s/ Gina Christensen
Gina Christensen, Legal Assistant
Sayre Sayre & Fossum, P.S.
201 W. North River Dr., Ste. 460
Spokane, WA 99201
Tel: 509-324-9500
Fax: 509-324-9505
gina@sayrelaw.com



# EXHIBIT A

**From:** ron@ronaldjacksonlaw.com
**Sent:** Friday, July 19, 2019 11:47 AM
**To:** Michelle Fossum
**Cc:** Kristina Montanez; Gina Christensen
**Subject:** RE: Discovery Questions

Hi Michelle,

Here are my responses to your comments and questions below:

1. The declarations page mentions an Addendum R. Please confirm if this has been provided.
2. Please provide thumb drives for the documents that are stored on thumb drives. Are the stenopads dated or otherwise indicate dates the notes were prepared? Also, please provide an approximate number of pages in each stenopad. If you provide copies of the stenopads from the last 3 years, I can determine if we want the documents from the earlier time periods. We will pay for the costs of copying the documents.
3. This Request seeks documents specifically related to Nathan's job performance, not all documents regarding any work he did. If you have already produced responsive documents, please confirm.
4. This Request is asking for <u>communications with other employees</u> regarding Nathan's work performance, employment <u>relationship</u> and employment circumstances. In other words, not Nathan's work documents. If you have already produced responsive documents, or if responsive documents will be produced with electronic discovery, then please indicate.
5. We are seeking the enforcement letters and other documents related to these enforcement letters. I am checking with Nathan about narrowing the time period, but I believe it can be limited to the time period 2013-2017.
6. We will agree to narrow the time period to 2006-2017.
7. Thank you for clarifying. I believe this is sufficient.

Ron

Ronald L. Jackson
## Jackson Law
www.ronaldjacksonlaw.com
1203 114th Avenue SE
Bellevue, WA 98004
Tel: (425) 646-6315
Fax: (425) 454-6310
PLEASE NOTE OUR NEW ADDRESS ABOVE

**From:** Michelle Fossum <michelle@sayrelaw.com>
**Sent:** Monday, July 15, 2019 6:49 PM
**To:** ron@ronaldjacksonlaw.com
**Cc:** Kristina Montanez <kristina@sayrelaw.com>; Gina Christensen <gina@sayrelaw.com>
**Subject:** Discovery Questions

Hi Ron,

I did not confirm that I would be able to discuss this matter with you at 1:00 today – I wasn't sure if I would be available, and as it turns out, I wasn't. I did try and call you this afternoon, but you neither answered nor returned my call – even

though you said you would be available on your cell phone. It is unfortunate that you waited until the 11th hour to raise these issues, and then sent your email at 11:30 on Wednesday, knowing that I would be flying to Bremerton for Rose Holburn's deposition on Wednesday afternoon, that I would be in Bremerton on Thursday for Rose's deposition, and then not back in my office until Friday – especially when you have had the answers for more than a year.

I have reviewed the email you sent me regarding discovery requests and respond as follows:

1. A copy of the declaration page is attached. With that, I believe you have the entire policy.
2. I am happy to send the documents referenced in Request for Production 8 to be placed on thumb drives or photocopied, as appropriate, at Plaintiff's expense. I will send provide them to a local copy vendor and you can make arrangements to pay the associated costs.
3. Request for production No. 14 seeks "any emails, correspondence, letters, notes, memoranda, or documents of any kind related to Plaintiff's job performance during or after Plaintiff ceased working at the District". I believe you have been provided with all documentation related to Plaintiff's unsatisfactory job performance and further directed to documents provided in initial disclosures. However, the phrase "related to Plaintiff's job performance" could mean any document he ever generated, any email ever sent to him or from him, any assignment from a supervisor, any memo related to a project he was working on and the list goes on. If you can clarify what you seek, I will further evaluate my response.
4. Request for Production No. 17 seeks "all documents reflecting all communications made to any of Defendant's employees and/or in response to inquiries pertaining to Plaintiff's employment relationship, work performance, or other employment related circumstances." Frankly, I have no idea what you are seeking in this request. As written, the possible scope of responsive documents is endless. Again, if you clarify what you are seeking, I will re-evaluate.
5. Request for Production 20 seeks documents related to enforcement letters sent by Holburn. Our answer referred you to the relevant Bates numbers for the Initial disclosures, and then objected as to anything that might be in possession of a third party vendor. Are you seeking the enforcement letters sent by Holburn, or other documents related to the enforcement letters sent by Holburn? And for what period of time? All 26 years?
6. With respect to Request for Production 21, I will further inquire to see if there any other existing documents setting forth work load statistics of EHS employees beyond what has been provided. Again, can you provide a relevant time frame other than the last 20 years?
7. With respect to Interrogatory No. 11, Bates numbers 4817-4820 provides a chart identifying all of the EHS employees and the additional information requested in the Interrogatory.

Please contact me via email if you would like to clarify your requests or discuss any of this issues further.

Michelle

Michelle K. Fossum
Sayre Sayre & Fossum, P.S.
201 W. North River Drive, Suite 460
Spokane, WA 99201
(509) 325-7330
michelle@sayrelaw.com

2

# EXHIBIT B

# Michelle Fossum

| | |
|---|---|
| **From:** | Michelle Fossum |
| **Sent:** | Tuesday, July 16, 2019 10:03 AM |
| **To:** | ron@ronaldjacksonlaw.com |
| **Subject:** | RE: Discovery Questions |

I am reviewing the drafts, and should have them out to you by the end of this week. Are you available to discuss the depositions? There are a few witnesses that are not available on the dates you have selected. I would hope that our professional courtesy in moving depositions to work with your schedule and that of your witnesses will be reciprocated.

Michelle

---

**From:** ron@ronaldjacksonlaw.com <ron@ronaldjacksonlaw.com>
**Sent:** Tuesday, July 16, 2019 9:02 AM
**To:** Michelle Fossum <michelle@sayrelaw.com>
**Cc:** Kristina Montanez <kristina@sayrelaw.com>; Gina Christensen <gina@sayrelaw.com>
**Subject:** RE: Discovery Questions

Michelle,

Thank you for responding. I will provide you with additional clarification regarding the scope of the documents needed and then we can have a discussion and hopefully resolve these issues.

However, there is still Plaintiff's Second Set of Discovery Responses which you have not provided any responses. Please advise when these responses will be provided.

Ron

Ronald L. Jackson
Jackson Law
www.ronaldjacksonlaw.com
1203 114th Avenue SE
Bellevue, WA 98004
Tel: (425) 646-6315
Fax: (425) 454-6310
PLEASE NOTE OUR NEW ADDRESS ABOVE

**From:** Michelle Fossum <michelle@sayrelaw.com>
**Sent:** Monday, July 15, 2019 6:49 PM
**To:** ron@ronaldjacksonlaw.com
**Cc:** Kristina Montanez <kristina@sayrelaw.com>; Gina Christensen <gina@sayrelaw.com>
**Subject:** Discovery Questions

Hi Ron,

I did not confirm that I would be able to discuss this matter with you at 1:00 today – I wasn't sure if I would be available, and as it turns out, I wasn't. I did try and call you this afternoon, but you neither answered nor returned my call – even though you said you would be available on your cell phone. It is unfortunate that you waited until the 11th hour to raise these issues, and then sent your email at 11:30 on Wednesday, knowing that I would be flying to Bremerton for Rose

1

Holburn's deposition on Wednesday afternoon, that I would be in Bremerton on Thursday for Rose's deposition, and then not back in my office until Friday – especially when you have had the answers for more than a year.

I have reviewed the email you sent me regarding discovery requests and respond as follows:

1. A copy of the declaration page is attached. With that, I believe you have the entire policy.
2. I am happy to send the documents referenced in Request for Production 8 to be placed on thumb drives or photocopied, as appropriate, at Plaintiff's expense. I will send provide them to a local copy vendor and you can make arrangements to pay the associated costs.
3. Request for production No. 14 seeks "any emails, correspondence, letters, notes, memoranda, or documents of any kind related to Plaintiff's job performance during or after Plaintiff ceased working at the District". I believe you have been provided with all documentation related to Plaintiff's unsatisfactory job performance and further directed to documents provided in initial disclosures. However, the phrase "related to Plaintiff's job performance" could mean any document he ever generated, any email ever sent to him or from him, any assignment from a supervisor, any memo related to a project he was working on and the list goes on. If you can clarify what you seek, I will further evaluate my response.
4. Request for Production No. 17 seeks "all documents reflecting all communications made to any of Defendant's employees and/or in response to inquiries pertaining to Plaintiff's employment relationship, work performance, or other employment related circumstances." Frankly, I have no idea what you are seeking in this request. As written, the possible scope of responsive documents is endless. Again, if you clarify what you are seeking, I will re-evaluate.
5. Request for Production 20 seeks documents related to enforcement letters sent by Holburn. Our answer referred you to the relevant Bates numbers for the Initial disclosures, and then objected as to anything that might be in possession of a third party vendor. Are you seeking the enforcement letters sent by Holburn, or other documents related to the enforcement letters sent by Holburn? And for what period of time? All 26 years?
6. With respect to Request for Production 21, I will further inquire to see if there any other existing documents setting forth work load statistics of EHS employees beyond what has been provided. Again, can you provide a relevant time frame other than the last 20 years?
7. With respect to Interrogatory No. 11, Bates numbers 4817-4820 provides a chart identifying all of the EHS employees and the additional information requested in the Interrogatory.

Please contact me via email if you would like to clarify your requests or discuss any of this issues further.

Michelle

Michelle K. Fossum
Sayre Sayre & Fossum, P.S.
201 W. North River Drive, Suite 460
Spokane, WA 99201
(509) 325-7330
michelle@sayrelaw.com