UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN HOLBURN,<br><br>            Plaintiff,<br><br>   v.<br><br>KITSAP PUBLIC HEALTH DISTRICT,<br><br>            Defendant. | CASE NO. C18-5018 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION OF NATHAN HOLBURN |

This matter comes before the Court on Defendant Kitsap Public Health District's ("KPHD") motion to compel independent medical examination of Plaintiff Nathan Holburn ("Mr. Holburn"). Dkt. 38. The Court has considered the pleadings filed in support of and in opposition to the motion, the supplemental briefing submitted in response to the Court's request, and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On January 9, 2018, Mr. Holburn filed a complaint against KPHD alleging discrimination in the workplace. Dkt. 1. Mr. Holburn was employed with KPHD as an Environmental Health Specialist for over 26 years. *Id.* ¶ 2.1. Mr. Holburn was diagnosed

with dyslexia prior to being hired at KPHD in 1990. *Id.* ¶ 4.1. In 2003, KPHD requested Mr. Holburn be evaluated for dyslexia, and Mr. Holburn provided the written results of that evaluation to KPHD. Dkt. 60, Declaration of Nathan Holburn, ¶ 2.

Mr. Holburn performed his job successfully with accommodation for his dyslexia until 2008. Dkt. 1, ¶ 4.2. Beginning in 2008, Mr. Holburn alleges that his accommodations were reduced, causing his work performance to suffer. *Id.* ¶¶ 4.3–4.4. In 2014, KPHD required Mr. Holburn "to undergo an additional medical evaluation of his disabilities," *id.* ¶ 4.9, and KPHD received the written results of that evaluation as well, Dkt. 60, ¶ 2.

Mr. Holburn's claims include failure to provide reasonable accommodation for his dyslexia disability, maintenance of a hostile work environment causing Mr. Holburn to suffer depression and post-traumatic stress disorder ("PTSD"), and failure to provide and maintain protected leave for Mr. Holburn's depression and PTSD. Dkt. 1, ¶¶ 5.1–5.2. Mr. Holburn seeks general and specific damages, liquidated damages, and other relief. *Id.*, ¶¶ 6.1–6.6.

On May 17, 2019, KPHD filed the instant motion seeking to compel an independent medical examination of Mr. Holburn pursuant to Fed. R. Civ. P. 35. Dkt. 38. On June 3, 2019, Mr. Holburn responded. Dkt. 43. On June 7, 2019, KPHD replied. Dkt. 45. On June 10, 2019, Mr. Holburn surreplied. Dkt. 49. On June 21, 2019, the Court issued an order requesting that the parties submit supplemental briefing clearly identifying the particular medical conditions in controversy and good cause for

independent examination of those conditions. Dkt. 56. On June 28, 2019, the parties submitted the requested supplemental briefing. Dkts. 57, 59.

## II. DISCUSSION

KPHD seeks an order compelling Mr. Holburn to attend a medical examination administered by Russell A. Vandenbelt, M.D ("Dr. Vandenbelt"), a board-certified psychiatrist, consisting of an interview with Dr. Vandenbelt and "standardized testing under the MMPI-2-RF." Dkt. 38 at 9, 11; Dkt. 47 at 1. Under Rule 35, the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). A defendant seeking a Rule 35 exam must show that the plaintiff's physical or mental condition is "in controversy" and that "good cause" exists for the requested exam. *See Houghton v. M & F Fishing, Inc.*, 198 F.R.D. 666, 667 (S.D. Cal. 2001). The decision to order a Rule 35 exam is within the Court's discretion. *See* Fed. R. Civ. P. 35(a)(1); *see also Muller v. City of Tacoma*, C14-5743-RJB, 2015 WL 3793570, at *2 (W.D. Wash. June 8, 2015).

The Court previously found that KPHD's motion was unclear as to whether it sought independent medical examination of Mr. Holburn's depression and post-traumatic stress disorder ("PTSD") only or sought examination of Mr. Holburn's dyslexia as well. Dkt. 56 at 2–3. The Court requested supplemental briefing to allow Mr. Holburn to be advised of and to have the opportunity to address the entire scope of the independent medical examination KPHD seeks. *Id*. at 3.

Mr. Holburn previously acknowledged that his depression and PTSD were in controversy but disputed whether the good cause element had been met given that the information sought was already available through his medical records provided in discovery and through depositions of his treating medical providers. Dkt. 43 at 1–2. Mr. Holburn now admits that his dyslexia is also in controversy regarding his requests for accommodation in the workplace, but he disputes whether there is good cause for a new evaluation given that KPHD requested he submit to evaluation of his dyslexia on two occasions during his employment. Dkt. 59 at 2. Mr. Holburn explains that his treating psychiatrist Dr. Robert Reinach has recommended Mr. Holburn not be subjected to Dr. Vandenbelt's examination because the examination would likely harm Mr. Holburn. Dkt. 43 at 2. (citing Dkt. 44). If the Court grants the motion for independent medical examination, Mr. Holburn requests that the Court limit the scope of the examination and order protective measures. *Id*. at 6–7.

The Court finds that its prior tentative conclusion, that Mr. Holburn's dyslexia is implicated not only in his ability to perform the evaluations sought by the independent examiner but also in KPHD's liability, is correct. *See* Dkt. 56 at 3. Further, the Court finds that good cause exists for Dr. Vandenbelt's examination to encompass all of the medical conditions in controversy in this case, including dyslexia, learning disability, depression, and PTSD, in order to provide an independent assessment of the conditions relevant to KPHD's liability and the potential interrelationship and causative impact of each condition as well as to ensure the accuracy of the examination.

Finally, the Court finds that Dr. Vandenbelt's board certification in psychiatry supports a reasonable inference that he will not harm Mr. Holburn in conducting the examination. Dr. Vandenbelt will be permitted to use his medical judgment to select appropriate examination methods in the context of Mr. Holburn's conditions. The Court orders that Mr. Holburn's counsel Ronald L. Jackson ("Mr. Jackson") be permitted to attend the examination as a silent observer only but declines to impose any of the other limitations Mr. Holburn requested. *See* Dkt. 43 at 6–7. Mr. Holburn or his counsel may stop the examination if Mr. Holburn is being subjected to harm but may be subject to sanctions in the form of the cost of a follow-up examination if KPHD proves that the examination was improperly terminated.

### III.  ORDER

Therefore, it is hereby **ORDERED** that KPHD's motion to compel independent medical examination of Nathan Holburn by Dr. Russell Vandenbelt, Dkt. 38, is **GRANTED**. Nathan Holburn is ordered to attend an exam administered by the board-certified psychiatrist Dr. Vandenbelt at his office at 11201 SE 8th Street, Suite 105, Bellevue, Washington 98004. Upon receipt of this order, the parties shall coordinate to schedule the examination on the earliest date on which Dr. Vandenbelt, Mr. Holburn, and Mr. Jackson are all available.

Dated this 25th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge